*Abraham Kesselman* for appellant.

*Charles J. Dodd, District Attorney (Henry J. Walsh* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

────────────

L. HOWELL DAVIS et al., as Executors of and Trustees under the Will of LEMUEL H. DAVIS, Deceased, Appellants, *v.* MALCOLM N. MCLELLAN, Respondent.

*Contract — option to purchase land — action to recover for breach of alleged agreement to prospect such land for mineral deposits.*

*Davis* v. *McLellan*, 206 App. Div. 740, affirmed.

(Argued January 15, 1924; decided February 19, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 8, 1923, unanimously affirming a judgment in favor of defendant entered upon a verdict. The action was to recover damages for the alleged breach by defendant of a written contract. The complaint alleged that on June 15, 1911, plaintiffs' testator, Lemuel H. Davis, and the defendant entered into a written agreement whereby defendant was granted an option to purchase 3,197 acres of land in De Soto county, Fla., for $250,000, and that as part of the consideration defendant agreed to make or cause to be made such an investigation or prospect of said land as would fully reveal the existence or non-existence of workable deposits of phosphate thereon; that defendant did not make such investigation or prospect, and that plaintiffs' testator had thereby suffered damage. The answer denied the making of any such agreement, admitted that defendant had never made any prospect or investigation, and set up as a separate defense that the alleged option agreement was executed by the defendant solely as the agent and in behalf of plaintiffs' testator, without any consideration, and solely for the purpose of enabling the defendant to procure some person or corporation to accept an assignment of said option

and agree to make the investigation and prospect in question, and that defendant was unable to procure any one to accept said option or agree to perform its condition, and never assigned the same.

*Lewis R. Conklin* for appellants.

*Harry N. Selvage* for respondent.

Judgment affirmed, with costs; no opinion.

. Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

LUELLA HOWARD, Appellant, *v.* UNION RAILWAY COMPANY OF THE CITY OF NEW YORK, Respondent.

HERBERT HOWARD, Appellant, *v.* UNION RAILWAY COMPANY OF THE CITY OF NEW YORK, Respondent.

*Negligence — railroads — passenger after alighting from car struck by another car while crossing tracks — when guilty of contributory negligence as matter of law.*

*Howard* v. *Union Ry. Co. of City of N. Y.* (2 cases), 204 App. Div. 864, affirmed.

(Argued January 15, 1924; decided February 19, 1924.)

APPEAL, by permission, in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 23, 1923, unanimously affirming a judgment in favor of defendant entered upon an order of the trial court, setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The second, by her husband, to recover for expense and loss of services arising from such injuries. The plaintiff in the first action, after alighting from one of defendant's cars started across the tracks and was struck by another car approaching from the opposite direction from that in which she had been riding, causing the injuries complained of. The trial court set aside the verdicts upon the ground that plaintiff was guilty of contributory . negligence as matter of law.